---

DRYDEN v. WYLLIS ET AL.

1. **Practice:** EFFECT OF REVERSAL: NEW TRIAL. Where the action of the District Court in granting a new trial was reversed by the Supreme Court upon the ground that there was no evidence of the existence of a defense to the action, it became the duty of the District Court, when the case was remanded, to proceed to again try and determine the issues joined upon the petition for new trial.

*Appeal from Marshall District Court.*

WEDNESDAY, APRIL 21.

THE defendant Wyllis recovered a judgment against the plaintiff. The latter filed a petition asking for a new trial.

Issue was joined, and the relief asked was granted. From this judgment the defendant appealed. The judgment was reversed. Upon filing the procedendo and opinion of this court in the court below, the defendants moved for judgment in their favor in accordance with the procedendo and opinion of the Supreme Court. This was overruled, and the defendants appeal.

*J. C. Wyllis* and *P. M. Sutton*, for appellants.

*Caswell & Meeker*, for appellee.

SEEVERS, J.—When this cause was here before, 51 Iowa, 534, we held that, as there was no evidence tending to show

1. PRACTICE: effect of reversal: new trial.

there was a valid defense to the original action, a new trial therein was improperly granted in this proceeding. The effect of this ruling was to set aside the judgment below, and no action to this effect was required in that court.

It was, however, the duty of the District Court to proceed, try, and determine the issues joined in the petition for a new trial, as if no appeal had been taken. All that this court held in the former appeal was that the evidence was not sufficient to sustain the judgment, but it was not held that the plaintiff could not introduce more evidence, and thus establish the fact that he was entitled to a new trial. *Roberts v. Corbin*, 28 Iowa, 355, cited by the appellant, is not applicable, because there was no finding of facts in the case at bar.

The view we have adopted renders it unnecessary to determine the motion, or whether the order or judgment is one from which an appeal lies.

AFFIRMED.