Geo. D. Ross, Appellee, v. Hawkeye Insurance Company, Appellant.

Insurance: PREMIUM: PAYMENT: NOTICE OF SUSPENSION OF POLICY: SERVICE BY MAIL. Under section 2 of chapter 210 of the Laws of 1880, providing that, where the time for the payment of the premium upon a policy of insurance is fixed by note or other contract, the insurance company may, within thirty days before, or at any time after, the maturity of such obligation, serve the defendant with notice in writing that unless the same is paid within thirty days his policy will be suspended; and providing, further, that such notice may be served. personally or by registered letter, addressed to the assured at his postoffice address, the service of such notice by mail is completed when the letter is properly addressed to the insured, and registered at the postoffice.

*Appeal from Shelby District Court.*—HON. N. W. MACY, Judge.

THURSDAY, OCTOBER 22, 1891.

ACTION on a policy of insurance. There was a judgment for the plaintiff, and the defendant appeals. *Reversed.*

*George R. Sanderson*, for appellant.

*Smith & Cullison*, for appellee.

GRANGER, J.—I.   It is urged that the assignments of errors are insufficient, and should not be considered. One assignment fairly presents the question of the correctness of each instruction given by the court, and is sufficient.

The plaintiff was the holder of a policy of insurance against loss by fire, issued by the defendant company. The time of insurance, by the terms of the policy, began April 18, 1889, and terminated April 18, 1890. The property insured was destroyed by fire July 2, 1889. The premium for the insurance was settled by note due July 1, 1889, and was unpaid at the date of the fire. The policy contains the following provision:   *Fifth.* "That no insurance, whether original or continued, shall be binding until the actual payment of the premium, either in cash or note given therefor.   Where a note or notes have been received, in whole or in part, for the premium named in this policy, or renewal of the same, and the assured or his assigns fail to pay the same, or any installment, or any part thereof, at the time or times specified in such note or notes, such failure shall immediately terminate all liability of this company under this policy, and the company shall not in any case be liable for any loss or damage that may occur at a time when any such note or notes, or any installment therein, or any part thereof, shall be over-due and unpaid."   Chapter 210, Laws of 1880, provides:   "Sec. 2.   Within thirty days prior to, or at any time after the maturity of any note or contract, whether assessable, or where the time of payment is fixed in the contract, given for the premium on any policy of insurance, such company or association may serve a notice in writing upon the insured that his note, or an

installment thereof, is due, or to become due, stating the amount which will be due on the note or contract, and also the amount required to pay the customary short rates, including the expense of taking the risk, up to the time the policy will be suspended under the notice in order to cancel the policy, and that, unless payment is made within thirty days, his policy will be suspended. Such notice may be served, either personally or by registered letter, addressed to the assured at his post-office address, named in or on the policy, and no policy of insurance shall be suspended for non-payment of such amount until thirty days after such notice has been served."

On June 1, 1889, the defendant company deposited in the post-office at Des Moines, for registration, a written notice, in conformity to such provision of the law, addressed to the defendant at Harlan, Iowa. It does not appear that by due course of mail this notice would have reached its destination thirty days before the fire occurred. The main question in the case is as to the validity of the policy when the fire occurred, July 2. The court gave the following instructions, of which complaint is made: "The notice required by statute may be either personal notice or constructive notice. The defendant claims he gave the plaintiff constructive notice; that is, he sent a notice by registered letter, as required by law. There is no dispute as to the fact that he sent the notice marked 'S' by registered letter. When the defendant sent it, and when the service thereof was completed, are, however, controverted points. And in this connection you are instructed that the service of notice by registered letter is not completed until, by due course of mail for registered matter, it should be received at the office of its destination." The validity of the notice depended upon a completed service of the notice, and the court in another instruction said to the jury that, if it found

"that, by due course of mail for registered matter, such letter would not reach Harlan before June 2, 1889, then, and in that event, said policy would not be suspended until thirty days thereafter, or after the second day of July."

We are then to determine whether, to render such a service complete, there must be time after the letter is properly addressed and registered in the post office for it, by due course of mail, to reach its destination, that is, the office of its destination. If the language of the act was that the service should be made by mail, by letter, or by registered letter, there might be more reason for holding that there must be time after mailing for it to reach its destination. In *McKenna v. Insurance Co.*, 73 Iowa, 453, it is held that the service is complete before the letter is delivered to the assured, showing that the law contemplates something less than a personal receipt of the letter. The statute, as we understand, specifies the acts that constitute the service; and it is the service, and not notice, that gives rise to the operation of the statute. The service may be "by registered letter *addressed to the assured* at his *post-office address named in or on* the policy." The italicized words are adverbial, and fix the manner of the service. With a careful examination, we find no case in which, besides the acts which shall constitute the service, where it is substituted, that time is held essential to its completion. The enactment is the sole authority for such a service, and we can neither add to nor take from its requirements. The substituted service of an original notice, by leaving a copy with a member of the family when the defendant cannot be found in the county, is complete when the notice is properly left, and no time is held necessary to elapse because of the known absence of the defendant from the county. In such a case, the service is complete when the acts specified as constituting the service are

·done.  In New York, under a statute providing that, "in case of service by mail, the paper must be deposited in the post office," addressed to the person on whom it is to be served, at his place of residence, and the postage paid, the service is held complete when the notice is mailed.  *Elliott v. Kennedy,* 26 How. Pr. 422.  Our statute provides an additional act,—that of registering. The appellee attempts to mark a distinction between the statutes, on which to base a different ruling, but none really exists.  It is said that all that is required under the New York act is that the letter "be properly stamped and addressed, and deposited in the post ·office."  Our statute provides that the service may be made by registered letter, addressed in a particular manner.  Both statutes alone provide for mailing. The necessity for time after mailing as conclusively follows under one statute as the other.  The practical ·effect of the statute thus construed is to give the assured nearly thirty days' notice to pay his obligation, and avoid a suspension of his policy under his contract, which cannot be regarded as a harsh rule of construction.  It may be also said that the rule, as held by the ·district court, would involve much difficulty, as is apparent from the record in this case, in determining the time of arrival by due course of mail, and would make the fact of a completed service very difficult to know.  This thought is worthy of notice where the legislative intent is doubtful.  With these views the ·court was in error in giving the instruction.

We find no other questions in the record that we need to consider.  REVERSED.