George D. Ross v. Hawkeye Insurance Company, Appellant.

**Fire Insurance:** NOTICE TO PAY NOTE. Such notice may be served by registered letter. A letter is not registered until after a receipt for it is signed and its number endorsed upon it.

PRACTICE IN SUPREME COURT: Where a case is tried below on the theory that a notice has been given, the point that the statute requiring such notice is unconstitutional, cannot be first raised on appeal.

*Appeal from Shelby District Court.*—Hon. Walter I Smith, Judge.

Wednesday, January 16, 1895.

Action to recover upon a policy of insurance against loss by fire. Plaintiff alleges that the merchandise and fixtures insured were destroyed by fire on or about the first day of July, 1889. Defendant answered, admitting the policy, that the fire damaged some of the insured property, and denying that the fire occurred on the first day of July, 1889. Appellant alleges as defenses, in substance, as follows: That the policy sued on was issued in consideration of a promissory note of the plaintiff in words and figures, as follows: "$60.00. Des Moines, Iowa, April 1, 1889. On the first day of July, 1889, for value received, I promise to pay the Hawkeye Insurance Company, at their office in the city of Des Moines, Iowa, sixty dollars, with interest at the rate of eight per cent. per annum from date, being premium for insurance, under policy No. 192,542. And it is hereby agreed that, if this note is not paid at maturity, the whole amount of premium of said policy shall be considered as earned and payable, and the policy shall be null and void; and the company shall not be liable for any loss or damage that may occur to the property insured while this note shall be overdue and unpaid; and if this note remains unpaid for the period of sixty days after maturity, then I agree to pay said company the further sum of ten per cent., on the amount due as fees for collecting the same. George D. Ross. P. O. Address, Harlan, county of Shelby, Iowa." That said policy was made and accepted on the conditions therein, one of which is to the effect that a failure to pay said premium note at maturity "shall immediately terminate all liability of this company under this policy, and the company shall not in any case be liable for any loss or damage that may occur at a time when any such note or notes, or any installment therein, or any part thereof, shall be overdue and unpaid." Defendant avers that on the

first day of June, 1889, it served on the plaintiff a
notice in writing, by inclosing it in a registered letter
addressed to plaintiff at Harlan, Iowa, the post-office
address named in the policy, notifying him that said
note would be due on the first day of July, 1889,
demanding payment, and stating that "unless such
payment is made within thirty days from service of this
notice your policy will be suspended." The notice also
called attention to the conditions in the policy and
note, stating that if the note was not paid when due the
policy would become suspended. Defendant alleged
that the note fell due July 1, 1889, and, being overdue
and unpaid, the policy was suspended, and defendant
was not liable thereon for the alleged loss. Plaintiff
in reply denies that the defendant served said notice on
him on the first day of June, 1889. A further issue
was joined by amendment to the answer and reply that
need not be noticed. The cause was tried to a jury,
and a verdict and judgment had in favor of the
plaintiff. Defendant appeals.—*Affirmed.*

*Sanderson, Stuart & MacKenzie* for appellant.

*Smith & Cullison* for appellee.

Given, C. J.—I.   The evidence shows without con-
flict that the loss occurred on July 2, 1889, and the court
so instructed the jury.   The premuim note fell due on
July 1, 1889, and was unpaid at the time of the fire,
wherefor appellant claims that the policy was, by rea-
son of said condition therein, and in the note, and the
service of said notice, suspended at the time of the loss.
Appellant's first contention in argument is that sec-
tions 1, 2, chapter 210, Acts of the Eighteenth General
Assembly, providing that such policies shall not be

declared forfeited or suspended for nonpayment of premium until after thirty days' notice is given, is unconstitutional. It is entirely clear from the record that this question was not raised in or presented to the District Court. Appellant does not present the question either in the pleadings, motion for verdict, or instructions asked. On the former appeal, and on both trials below, the defense that the policy was suspended at the time of the loss was grounded on the alleged compliance with said chapter 210.

The constitutionality of said act is first questioned in the assignment of errors. Appellant concedes that this question was not presented to the District Court, but insists that it may be presented in this court for the first time as reasons why the instructions complained of are not correct. The instructions were given upon the issues claimed by the parties, and upon which they tried and submitted the case, and they will not be heard to insist upon any different issues on appeal. In law actions, this court sits as a court of review only, and will not consider questions that were not presented to the trial court. *Homestead Co. v. Duncombe,* 51 Iowa, 525, 1 N. W. Rep. 725; *Garland v. Wholeban,* 20 Iowa, 271; *McGregor v. Gardner,* 16 Iowa, 538; *Goodnow v. Plumb,* 67 Iowa, 661, 25 N. W. Rep. 870; *Edwards v. Cosgro,* 71 Iowa, 296, 32 N. W. Rep. 350; *Laverty v. Woodward,* 16 Iowa, on page 5; *Lower v. Lower,* 46 Iowa, 525; *Hoyt v. Hoyt,* 68 Iowa, 703, 28 N. W. Rep. 27; *Benjamin v. Shea,* 83 Iowa, 392, 49 N. W. Rep. 989.

II. On the former appeal (83 Iowa, 586, 50 N. W. Rep. 47), the question presented was upon an instruction to the effect that the service of the notice by registered letter was not completed "until, by due course of mail for registered matter, it should be received at the

office of its destination." This court held that the serv
ice of such notice is completed when the letter is prop
erly addressed and registered at the post-office. It
was not held as claimed by appellant, "that the notice
was served when the letter was mailed." Section 2 of
said chapter 210 provides that such notice may be
served by registered letter, addressed to the assured at
his post-office address named in or on said policy. This
court said that "in such a case the service is complete
when the acts specified as constituting the service are
done." Registering the letter is one of the acts speci-
fied, and is necessary to constitute a complete service.
Appellant insists, and correctly so, that the ruling on
the former appeal is the law of this case. The learned
district judge, so viewing the law and the former opin-
ion of this court, instructed the jury that registration
of the letter was necessary to a completed service, and
submitted the question whether said letter was regis-
tered on June 1, 1889. The court further instructed
that, under the laws, rules, and regulations of the post-
office department, "after a receipt has been given there-
for and the letter has been numbered, the letter
becomes registered." After reciting the undisputed
facts, that the defendant had on June 1, 1889, delivered
the notice in question to the postmaster at Des Moines,
properly addressed and stamped for registry, and pro-
cured from him a proper receipt therefor, the court
instucted as follows: "The only question for you to
determine, as to this defense, is as to whether the reg-
istry was completed by assigning to said letter its num-
ber and indorsing the same on the letter. All other
things necessary to a complete registration of said let-
ter on June 1, 1889, are shown by the uncontroverted
evidence. You must determine from the evidence

whether its registry number was indorsed on said letter, June 1, 1889, or not." On the former appeal we were not called upon to decide, and did not decide, what constituted the registration of a letter. The instructions are in harmony with the laws, rules, and regulations of the post-office department, as shown in the evidence.   It is true that, under the authority of section 1052 of the Postal Laws and Regulations, the postmaster at Des Moines was using "other than standard registration forms." Instead of the slip receipt provided for by Postal Laws and Regulations, receipts were given to appellant, and to certain other companies, for letters deposited for registration, in a separate book for each company.   This related solely to the manner of receipting for the letters, and did not in any way change the requirements as to registration. Section 1056 of said Laws, Rules, and Regulations, is as follows: "After a receipt has been given therefor, and the matter has been numbered as prescribed in the preceding sections, the letter or parcel becomes registered and must be guarded with the utmost care." We have seen that service of such notice by registered letter is not complete until the letter, properly addressed, is registered, and that it is not registered until numbered as required.   The question whether this letter was registered on the first day of July, 1889, was submitted to the jury, and it found, as under the evidence it was warranted in doing, that the letter was not registered until after that day. The judgment of the District Court is *affirmed*