## Commonwealth v. Coldren, Appellant.

Argued May 6, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. Order

*Edward E. Petrillo,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., June 25, 1940:

This case does not differ in its essential facts from the case of *Commonwealth v. Miele,* 140 Pa. Superior Ct. 313, 14 A. 2d 337.

The only differences that need be mentioned are that in the present case a retail dispenser's license was issued, under the Beverage License Law, as amended by the Act of July 18, 1935, P. L. 1217, by the Treasurer of Cumberland County to the defendant, Coldren, on May 25, 1937, expiring May 31, 1938; and that bond in the sum of $1000 with the National Casualty Company as surety, accompanied the application for the license. The Liquor Control Board issued a citation, dated November 4, 1937, to the said licensee to show cause why his license should not be revoked and his bond forfeited, because of certain alleged violations of the liquor laws of the Commonwealth therein specified. The hearing was fixed for November 24, 1937 and notice of the citation and hearing was given to the licensee by registered mail addressed to him at his licensed premises, as required by the Beverage License Law amendment of June 16, 1937, P. L. 1827, sec. 13, the registry return card or receipt being signed "Frank Bluher for Russell E. Coldren" and dated November 13, 1937. The hearing was had on November 24, 1937, the licensee not appearing in person or by attorney. On December 29, 1937, the board issued an order revoking the license and forfeiting the bond, based on findings (1) of sales by the licensee of liquor and malt or brewed beverages on Sunday, and (2) of possession by the licensee of alcoholic liquor on premises licensed only for the sale of malt or brewed beverages. Notice of the action of

the board was duly given by registered mail to both the licensee and the surety. The licensee did not appeal from the order of the board to the Court of Quarter Sessions of Cumberland County, nor ask the board for a rehearing or reconsideration of the matter. On May 20, 1938, judgment was entered in the Prothonotary's office of Dauphin County against the licensee and his surety, on production of the bond and affidavit of default or breach of condition, for $1000. The surety appealed to this court from the refusal of the court of common pleas to open the judgment as to it. The licensee made no motion and took no appeal.

Identically the same questions, which were presented in the Miele case, supra, were stated as the questions involved in this appeal, by both appellant and appellee, except that a retail dispenser's license was involved instead of a restaurant liquor license; and the cases were argued together. The same principles of law are applicable, and the same disposition of the case will be made.

The assignment of error is overruled, and the order of the court below is affirmed.