(No. 6931. September 24, 1941)

WILLARD W. WASDEN, Respondent, v. WILLIAM FOELL, et al., Appellants.

(117 Pac. (2d) 465)

W. A. Ricks, for Appellants.

Mary Smith, for Respondent.

BUDGE, C. J.—This is an action to quiet title. The material facts are substantially as follows. On or about March 19, 1933, John Beck, Jr., became the owner in fee of the property involved, situated in Rexburg, Madison County. William Foell, and C. H. Higby and wife, are in possession of the property as tenants of Beck, Jr. No further mention of Higby and wife is necessary; both were made parties but defaulted.

Taxes duly assessed for the year 1932 became delinquent. September 10, 1938, the county treasurer as ex-officio tax collector of Madison County deposited a registered letter, containing a notice of pending issue of tax deed to Madison County in the United States post office at Rexburg, with sufficient postage attached thereto, return receipt demanded, and addressed to John Beck, Jr.

Mrs. James Kauer and her husband were tenants of Beck, Jr., and lived in the same house with him, but not on the property in question. The Kauers occupied the two front rooms of the building; Beck, Jr., the two back rooms. Mrs. Kauer, under Beck, Jr.'s instructions, received the registered letter and signed the return receipt. Thereafter, she placed the letter in a drawer in one of the rooms occupied by Beck, Jr. When Beck, Jr., returned home Mrs. Kauer called his attention to the registered letter, and where she had placed it.

Mrs. Kauer not only received the registered letter, but all mail, deposited in the mail box in front of the house, addressed to Beck, Jr., and in handling the mail followed instructions given her by him. As to the registered letter containing the notice, the Court found, that Beck, Jr., actually received it, which finding is supported by ample evidence. Subsequently, Mrs. Kauer called his attention to the notice, published in the Rexburg paper, of sale of the property in question; whereupon he stated, in sub-

stance, "that he just would have to give it up and take care of his home place."

January 2, 1940, the county treasurer deeded the property to Madison County for the delinquent taxes of 1932. September 3, 1940, respondent purchased the property from Madison County and received a deed therefor. Respondent demanded possession of the tenants residing on the property in question, which demand was refused; whereupon, this action was brought for its possession, and to quiet title in respondent. William Foell and Beck, Jr., filed a joint answer denying each and all of the allegations of the complaint, and affirmatively alleging that Beck, Jr., was the owner of the property; that sale of the property by Madison County to respondent was void, for the reason that the treasurer as ex-officio tax collector failed to serve or cause to be served by registered mail with return receipt demanded, notice of pending issue of tax deed on John Beck, Jr., in whose name the land was of record in the recorder's office.

Upon the trial, respondent placed in evidence the deed from Madison County to respondent, and the abstract of title. Appellants introduced in evidence the notice of pending issue of tax deed together with the return receipt showing that the same had been received by Mrs. Kauer. Oral evidence was introduced by respondent to the effect, as heretofore pointed out, that Mrs. Kauer was authorized by Beck, Jr., to receive all mail addressed to him during his absence; that this was done by Mrs. Kauer for over a period of three years; and that she received and signed for the registered letter containing the notice of pending issue of tax deed.

Appellants, under their first assignment of error, contend that:

"The court erred in its findings of fact and its conclusion of law thereon to the effect that service of notice of pending issue of tax deed was duly and regularly made as required by chapter 32 of the 1935 Session Laws, when said notice was deposited in the United States post office by registered mail, with return receipt demanded and postage and registry and return receipt fees fully paid, and such notice was actually received by the person in

whose name the land stood upon the records in the recorder's office of Madison County, namely, John Beck, Jr., for the reason that the evidence was to the effect that the notice of pending issue of tax deed was served on Mrs. James Kauer, and not on the person in whose name the land or lot stands upon the records in the recorder's office, namely, John Beck, Jr."

Chapter 32, 1935 S. L., amending Section 61-1027 I. C. A., provides:

"The county treasurer as ex-officio tax collector shall serve or cause to be served * by * * * registered mail with return receipt demanded, written or printed or partly written and partly printed notice on the person or persons in whose name the land or lot stands upon the records in the recorder's office. Said notice shall be served at least three months and not more than five months before the date upon which tax deed will issue."

In other words, it is contended that the above statute was not complied with for the reason that the registered letter containing the notice of pending issue of tax deed was not actually delivered to John Beck, Jr., and that the return receipt was not actually signed by him.

It is established without dispute that the notice was duly sent by registered mail, and received by Mrs. Kauer, who signed the return receipt; that she was authorized to receive all mail addressed to Beck, Jr.; to safely keep the same until his return. The evidence clearly established the fact that Beck, Jr., actually received the registered letter. Mrs. Kauer was Beck, Jr.'s agent, authorized by him, to receive all of his mail, including the registered letter. The receiving of the letter by her was equivalent to its actual receipt by Beck, Jr.

Furthermore, the depositing of the notice, above mentioned, in the United States mail with return receipt demanded, and with postage, registry and return receipt fees fully paid, constitutes a sufficient service under the provisions of Section 61-1027 I. C. A., as amended by Chapter 32, 1935 S. L.

It is held in *Ford v. Genereus,* (Colo.) 87 P. (2) 749, that:

"Where service of notice by registered mail is expressly authorized by statute, as is the situation here, it has

generally been held that service is effected when the notice is properly addressed, registered and mailed." *Hurley v. Olcott,* 198 N. Y. 132, 91 N. E. 270, 28 L. R. A., N. S., 238; *Ross v. Hawkeye Ins. Co.,* 83 Iowa 586, 50 N. W. 47; *Ross v. Hawkeye Ins. Co.,* 93 Iowa 222, 61 N. W. 852, 34 L. R. A. 466; *Isaak v. Journey,* 52 Idaho 274, 13 P. (2) 247; *Hobson v. Security State Bank,* 56 Idaho 601, 57 P. (2) 685; *MacLean v. Reynolds et al.,* 220 N. W. 435, 175 Minn. 112; 12-502-3 I. C. A.

It would seem, therefore, that the trial court was correct in holding that the requirements of Section 61-1027 I. C. A., as amended, supra, had been complied with.

Appellants' second assignment of error attacks the Court's conclusion of law to the effect that respondent is the lawful owner of the property involved and entitled to its possession for the reason that the tax deed does not contain a description of the property either by metes and bounds, or in lieu of the description of the land or lot, the registered tax number used in assessing the same, and what year taxes are specially assessed, and when the deed will issue to the County.

The description of the property is as follows: "Tax No. 23, Lot 1, Block 48, City of Rexburg, Idaho."

Section 61-1027 I. C. A., as amended, supra, provides as follows:

"The notice shall state when the delinquency entry was made, in whose name the property was assessed, the description of the land or lot, or in lieu of the description of the land or lot the registered tax number used in assessing the same, for what year the taxes are specially assessed, and when the deed will issue to the county."

An examination of the notice of pending issue of tax deed reveals that it substantially complies with provisions of the foregoing statute. The notice recites "Tax No. 23" which would probably be sufficient; however, the notice further contains the number of the lot and the block in the city of Rexburg. It also contains the year of the tax, 1932, which was the year of the levy for the delinquency of which, the property was sold. The notice recites that "The time for redemption will expire on January 7, 1939," and "That if said entry is not re-

deemed on or before January 7, 1939, by payment of said tax together with interest, penalties and added costs * * * " a deed will issue to the County. The notice also recites "date of delinquency entry, January 2, 1933."

It is apparent, therefore, that the notice of pending issue of tax deed contains a sufficient description of the property. All that is required is that a tax deed must describe the land conveyed with such reasonable certainty as to identify it without the aid of extrinsic facts. *Booth v. Cooper*, 22 Idaho 451, 452, 126 Pac. 776.

No informality in the assessment, or mistakes in relation to the ownership, will render an assessment or tax proceeding void or voidable, or affect the sale, and a substantial compliance with the provisions of the law is all that is required. *Co-operative Sav. & Loan Assn. v. Green*, 5 Idaho 660, 51 Pac. 770; *Armstrong v. Jarron*, 21 Idaho 747, 125 Pac. 170; *McGowan v. Elder*, 19 Idaho 153, 113 Pac. 102; *White Pine Mfg. Co. v. Morey*, 19 Idaho 49, 112 Pac. 674.

Appellants' third assignment of error seeks to raise the point that the court erred in entering its decree in favor of respondent, "for the further reason that the affidavit of service does not contain a detailed account of the acts performed by the treasurer, and has not been subscribed and sworn to before an officer authorized to administer oaths and for the further reason such affidavit is false and untrue, because it alleges that notice was served on John Beck, Jr., whereas the evidence conclusively shows that notice was served on Mrs. Kauer."

The only exhibits offered and received in evidence were the deed from Madison County to respondent together with the abstract of title, by respondent; and notice of pending issue of tax deed with the return receipt for registered mail, by appellant.

The rule would seem to be that "In a suit to quiet title, where complaint sets up a prima facie valid title under tax deed, defendant must specifically plead facts tending to defeat the tax sale." *Wagar v. Howley*, (Mich.) 62 N. W. 293; *Smith v. Hobbs*, 49 Kan. 800, 31 Pac. 687; *Pelton v. Muntzing*, (Colo.) 131 Pac. 281; *Clayton v. Schultz*, 50 P (2) 446, (Cal.); *Walter v. Harrison*, 101

Colo. 14, 70 P. (2) 335; *Board of Com'rs of Tulsa County v. Sutton*, 95 P. (2) 648, 185 Okl. 665.

 Since the affidavit of service was not before the trial court, and is here raised for the first time, we are not in a position to consider it.

Finding no reversible error, the judgment must be sustained, and it is so ordered.

Costs to respondent against Foell and Beck, Jr.

GIVENS, MORGAN, HOLDEN, and AILSHIE, JJ., concur.