LULA R. DAVIS v. H. A. MOSELEY, W. H. BOYD, ALPHEUS JONES, SCHOOL COMMITTEEMEN; J. EDWARD ALLEN, SUPERINTENDENT OF SCHOOLS, AND THE BOARD OF EDUCATION.

(Filed 28 September, 1949.)

**1. Schools § 8d—**

The school committee and the county board of education may be sued for a breach of a teacher's contract.

**2. Schools § 8a—**

Where a letter containing notification of the rejection of a teacher is registered and mailed to her prior to the close of the school term during which she was employed, there is a compliance with G.S. 115-359 and it is sufficient to terminate the contract even though not received by the teacher until after the expiration of the school term. G.S. 115-354.

APPEAL by plaintiff from *Bone, J.,* at May Term, 1949, of WARREN.

Civil action to recover for alleged breach of contract to teach in the Liberia School, of the Warren County Administrative Unit.

The plaintiff alleges in her complaint, briefly stated, these pertinent facts:

1. That for sixteen years prior to and including 24 May, 1946, she had been teaching in the Liberia School, at Macon, in Warren County, North Carolina.

2. That the Liberia School closed the year 1945-46 on 24 May, 1946.

3. That up to and including the date of the closing of the Liberia School for the school year 1945-46, she had not been given any notice by the defendants or any of them, or on their behalf, that her contract of employment under which she had been teaching would be terminated at

the close of the school year 1945-46, and be ineffective for the school year 1946-47, and for succeeding years, and, hence, under the school law her contract was continued.

4. That she has held herself in readiness, and has offered her services as a teacher in keeping with the provisions of her contract, for the school years 1946-47 and 1947-48, but that defendants have refused to accept her services as such teacher,—to her great damage in the amount of salary that would have accumulated to her as a teacher during said school years.

Defendants, in answers filed, admit that on 24 May, 1946, plaintiff completed the school year 1945-46 in the Liberia School, and that she had taught in the school prior thereto. They deny other material allegations of the complaint, particularly the allegation that notice of the termination of plaintiff's employment was not given to her prior to the close of the school year 1945-46. And they aver (1) that the plaintiff was duly and legally notified, by registered letter, of her rejection prior to the close of the school term, and (2) that had plaintiff been so employed, she failed to give notice of her acceptance as required by law.

Upon the trial in Superior Court the parties agreed that the Liberia School closed 24 May, 1946. And plaintiff offered evidence tending to show: That she did not receive notice prior to 24 May, 1946, of her rejection as a teacher in the Liberia School for the ensuing year; but that on 27 May, 1946, she did receive by mail in an envelope properly addressed to her at Macon, North Carolina, and postmarked "Warrenton, May 23, 1946 ...............ered," a registered letter, dated May 16, 1946, from the Superintendent of the Warren County school system, notifying her "that in accordance with the provisions of Section 12 of the North Carolina School Machinery Act as amended, the District Committee in charge of the District in which you have been employed during the session 1945-1946 has instructed me to notify you that your contract as teacher or principal will not be continued for the session 1946-1947, this action being pursuant to said section of the School Machinery Act as well as pursuant to Section 7 thereof as amended."

At the close of the evidence offered by plaintiff, defendants moved for judgment as of nonsuit. After discussion as to whether plaintiff could maintain an action against the State or any of its subdivisions on the matters alleged in her complaint, the judge, not limiting his decision to the matters discussed, ruled that plaintiff's evidence failed to make out any legal cause of action, and allowed the motion of defendant for judgment as of nonsuit.

From judgment in accordance therewith, plaintiff appeals to Supreme Court and assigns error.

DAVIS *v.* MOSELEY.

*Herman L. Taylor for plaintiff, appellant.*

*Banzet & Banzet and Kerr & Kerr for defendants, appellees.*

WINBORNE, J.   The sole assignment of error presented on this appeal challenges the correctness of the ruling of the trial judge in granting defendants' motion for judgment as of nonsuit at the close of evidence offered by plaintiff.

It appears from the record that this ruling was based upon two grounds: The first is that this action is in effect an action against the State, and may not be maintained by the plaintiff.   This subject was fully considered by this Court in the case of *Kirby v. Board of Education, ante,* 619.   It was there held that such an action as this may be maintained against the county board of education.   What is said there is applicable here, and on the authority of that case this ground for sustaining the nonsuit is untenable.

However, the second ground for the nonsuit, that is, that the evidence fails to make out a case, is sound.

In this connection, it is provided in G.S. 115-354 that a contract of a teacher or a principal shall continue from year to year until the teacher or principal is notified as provided in G.S. 115-359; Provided, such teacher or principal give notice of acceptance of the employment as there required.  *Kirby v. Board of Education, supra.*  And the notice required by G.S. 115-359 is that "it shall be the duty of such county superintendent . . . to notify all teachers and/or principals now or hereafter employed, by registered letter, of his or her rejection prior to the close of the school term . . ."

Thus it appears that, by force of this statute, the notification is complete when the letter containing it is both mailed and registered.   39 Am. Jur. 250, Section 28.   Hence, the evidence indicating the mailing of such letter prior to the close of the school term shows a compliance with the statute.

The judgment below is

Affirmed.