Giles ESCHER, Appellant,

v.

G. Gifford MORRISON, Conservator for Anna M. Escher, Stephen Duwa and Terry Duwa, Appellees.

No. 62067.

Supreme Court of Iowa.

April 25, 1979.

Rehearing Denied May 24, 1979.

Patricia C. Kamath, Iowa City, for appellant.

G. Gifford Morrison, Washington, for appellees.

Considered by REES, P. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

The question which we must decide is whether "giving" of the statutory notice for termination of a farm tenancy by restricted certified mail is complete without actual receipt of the notice by the person to be notified. The controversy involves the application of sections 562.6 and 562.7, The Code, and focuses on the requirements of section 562.7(3). Relevant parts of those sections follow:

**562.6 Agreement for termination.**
In the case of farm tenants, . . . the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; . . . .

**562.7 Notice—how and when served.**
The written notice so required shall be given as follows:

1. . . .

2. . . .

3. By either party sending to the other at his last known address before September 1, a notice by restricted certified mail.

The operative facts are largely undisputed. Plaintiff, Giles Escher, has for many years farmed and resided on 80 acres of Washington County land which he leases from his mother, Anna M. Escher. Defendant G. Gifford Morrison is Anna's conservator.

On August 26, 1977, Morrison attempted to terminate plaintiff's lease. Morrison sent notice for termination of the farm lease by restricted certified mail to: Mr. Giles Escher, P.O. Box 74, Kalona, Iowa 52247. The notice was returned to Morrison's office by the post office on September 12 with the envelope marked "unclaimed." Plaintiff's correct route box number in 1977 was box 113. According to plaintiff, in 1973 his route box number had been changed from 74 to 113.

A second such notice for termination was sent by Morrison to plaintiff on August 29. It also was sent by restricted certified mail and the envelope bore the same address as the notice of August 26. It was returned "unclaimed" on September 16. Morrison's secretary explained that the first notice, while addressed to Giles Escher, was believed to have inadvertently contained a notice directed to his brother, Claude Escher; therefore, the second notice was sent to plaintiff.

Whether Morrison should have known of the change in plaintiff's address is disputed.

Plaintiff does not contend that he actually notified Morrison of the change in his route box number. He only claims that at different times he wrote to Morrison and put box 113 on such correspondence. In any event, since 1973 other notices and letters sent by Morrison and addressed to plaintiff at his original box number, 74, were received by plaintiff, even after August, 1977. In fact, between January and April, 1978, Morrison sent, by ordinary mail, several letters to plaintiff asking that he come to Morrison's office to renew the farm lease. Plaintiff acknowledged receiving the letters, but he did not respond to them. Two of those letters were addressed to box 74, and two others to box 113.

On April 26, 1978, Morrison leased the farm to defendant Terry A. Duwa. A few days later defendant Stephen Duwa came onto the farm, took out some fences, and started plowing. On May 4 plaintiff commenced this action by petition for declaratory judgment, asking that the Duwas be enjoined from occupying the premises and that plaintiff be declared the lawful tenant.

After trial, the court found, inter alia, that on August 29, 1977, notice of termination was mailed by restricted certified mail to plaintiff's last known address and concluded that the mailing and notice met statutory requirements. It then held that Escher's farm lease had been terminated as of March 1, 1978. The court ignored the notice of August 26, presumably because neither party placed any reliance upon it.

On this appeal Morrison seeks to sustain trial court's decree by insisting that he fully complied with statutory notice mandates when he directed the termination notice to plaintiff's last known address. However, whether the notice was sent to plaintiff's last known address is not decisive. In this case, as we have said, the question is whether giving of the statutory notice for termination by restricted certified mail was complete without actual receipt of the notice by plaintiff.

In *Leise v. Scheibel*, 246 Iowa 64, 66, 67 N.W.2d 25, 26 (1954), the court declared

that section 562.7 requires "service" of notices of farm tenancy terminations, and recognized that service could be accomplished by any of three methods. Compliance with the statute was held to be mandatory. *Id.* Here the third method, restricted certified mail, was attempted.[1] Section 562.7(3). But it is our understanding of section 562.7(3) that this method of service is not complete without proof of delivery of the notice. This court recently held that the refusal to accept delivery of a notice mailed pursuant to section 562.7(3) will not defeat a landlord's attempt to give notice of termination. *Long v. Crum,* 267 N.W.2d 407, 411 (Iowa 1978), *citing Emery Transportation Co. v. Baker,* 254 Iowa 744, 749–50, 119 N.W.2d 272, 275–76 (1963). We now hold that in the absence of such a refusal, where the notice is not delivered and is returned unclaimed to the sender, service of the notice is incomplete.

Our de novo review confirms the unchallenged fact that the notice to plaintiff of August 29 was returned to Morrison marked "unclaimed." Our review does not disclose any evidence that plaintiff refused to accept the notice. Under these conditions, the notice for termination requirements of section 562.7(3) were not met. Consequently, trial court's decision must be reversed because there was no termination of plaintiff's tenancy.

This resolution makes it unnecessary to consider other issues raised. The case is remanded for entry of decree consistent with this opinion.

REVERSED AND REMANDED.

All Justices concur except McCORMICK, J., who dissents.

McCORMICK, Justice (dissenting).

I find no authority to support the court's construction of section 562.7(3), and the court cites none. The court's holding is contrary to what appears to be the uniform holding of this and other courts regarding statutes which provide for the giving of notice by mail. Those cases hold that when a statute provides for service by mail, without expressly requiring more, service is accomplished by mailing, regardless of whether the notice is actually received by the addressee.

This rule of construction was applied in *Ross v. Hawkeye Insurance Co.,* 83 Iowa 586, 50 N.W. 47 (1891) (service under a statute providing for service of notice by registered letter addressed to the insured at his post office address was complete upon mailing the letter so addressed and registered), *sec. app.* 93 Iowa 222, 61 N.W. 852 (1895), and *Holbrook v. Mill Owners Mutual Insurance Co.,* 86 Iowa 255, 53 N.W. 229 (1892). It has also been applied in numerous cases from other jurisdictions. *See Phoenix Metals Corp. v. Roth,* 79 Ariz. 106, 284 P.2d 645 (1955); *Douglas v. Janis,* 43 Cal.App.3d 931, 118 Cal.Rptr. 280 (1974); *Ford v. Genereux,* 104 Colo. 17, 87 P.2d 749 (1939); *Hartford Trust Co. v. West Hartford,* 84 Conn. 646, 81 A. 244 (1911); *Hartley v. Vitiello,* 113 Conn. 74, 154 A. 255 (1931) (service complete upon mailing under nonresident motorist statute which did not require filing of return receipt); *Wasden v. Foell,* 63 Idaho 83, 117 P.2d 465 (1941); *Benson v. Benson,* 291 S.W.2d 27 (Ky.1956); *MacLean v. Reynolds,* 175 Minn. 112, 220 N.W. 435 (1928); *Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc.,* 93 N.J.Super. 14, 224 A.2d 510 (1966); *Hurley v. Olcott,* 198 N.Y. 132, 91 N.E. 270 (1910); *Davis v. Mosley,* 230 N.C. 645, 55 S.E.2d 329 (1949); *McCoy v. Bureau of Employment Compensation,* 81 Ohio App. 158, 77 N.E.2d 76 (1947); *Stroh v. State Accident Insurance Fund,* 261 Or. 117, 492 P.2d 472 (1972); *Commonwealth v. Coldren,* 140 Pa.Super. 321, 14 A.2d 340 (1940); *Madsen v. Preferred Painting Contractors,* 233 N.W.2d 575 (S.D.1975); *Johnson Service Co. v. Climate Control Contractors, Inc.,* 478 S.W.2d 643 (Tex.Civ.App.1972); *Carroll v. Hutchinson,* 172 Va. 43, 200 S.E. 644 (1939) (service

---

1. At the time that *Leise* was decided, section 562.7(3) required notice by registered mail. *See* 1957 Session, 57th G.A., ch. 267, § 83.

complete upon mailing under nonresident motorist statute which did not require filing of return receipt); *Schroedel Corp. v. State Highway Commission,* 38 Wis.2d 424, 157 N.W.2d 562 (1968). *See also* 58 *Am.Jur.2d Notice* § 27 at 508 (1971) ("Where a statute authorizes service by registered mail, it has been held that service is effective when the notice is properly addressed, registered, and mailed . . . ."); 66 *C.J.S. Notice* § 18, at 664 (1950) ("By force of statute or by provision of contract, service may be effective when the notice is properly mailed, regardless of its receipt by the addressee; in such cases the risk of miscarriage or failure to deliver is on the addressee.").

The statute provides for giving notice of termination "[b]y either party *sending* to the other at his last known address before September 1, a notice by restricted certified mail." No dispute exists that such notice was *sent* in the present case. Under the authorities, the notice was effective even though not actually received.

Section 562.7(3) differs from statutes providing for mailed notice where actual receipt is required. Those statutes include language manifesting an intent that the notice be received before it is effective. Provisions requiring proof of service by filing of a return receipt are an example. *See* § 321.505, The Code; *Emery Transportation Co. v. Baker,* 254 Iowa 744, 119 N.W.2d 272 (1963). Statutes requiring proof of receipt are another. *See* § 515.81, The Code; *Farmers Insurance Group v. Merryweather,* 214 N.W.2d 184 (Iowa 1974). Provisions that mailing is merely prima facie evidence of receipt are still another example. *See Gooden v. Camden Fire Insurance Association,* 11 Mich.App. 695, 162 N.W.2d 147 (1968).

In accordance with what seems to be unanimity of authority in this and other jurisdictions under statutes analogous to section 562.7(3), I would hold that service of notice of termination of farm tenancy is effective upon sending the notice by restricted certified mail to the other party at his or her last known address.