GEORGE L. D. WEYMOUTH *vs.* O. C. GREGG and others.

January 14, 1889.

**Vacating Judgment Entered upon Default—Abuse of Discretion.—**
    Facts considered, and *held* not to justify an order opening a judgment (recovered on default) and allowing an answer on the ground that the judgment was recovered through defendants' mistake, inadvertence, or excusable neglect.

Appeal by plaintiff from an order of the district court for Lyon county, *Webber,* J., presiding, granting the defendant Gregg's motion to open the judgment, and allow him to defend.

*A. C. Forbes* and *D. F. Weymouth*, for appellant.

*Jordan, Penney & Hammond*, for respondents.

GILFILLAN, C. J.　Appeal from an order opening a judgment against defendants for want of an answer, claimed to have been recovered through defendants' mistake, inadvertence, and excusable neglect, and allowing an answer.　We do not review such an order unless it is apparent that it exceeded the limits of a sound judicial discretion.　On examining the whole case, we can arrive at no other conclusion than that manifestly the order ought not to have been granted.　We are satisfied that some features of the case were not called to the attention of the court below, and that, had they been, it would not have granted the order.

The action is against a minor's guardian and his sureties in the guardian's bond.　Defendant Gregg was plaintiff's guardian for several years, and, as such, came into possession of moneys of his ward, some of which he paid to or for him.　In May, 1886, after plaintiff came of age, the probate court duly cited the guardian to appear and render his final account.　He failed to do so.　The action was commenced November 30, 1886, by service of the summons on Wakeman—one of the sureties—personally, and on Gregg by leaving it at his place of abode.　No answer being served, a referee was appointed, who, on July 21, 1887, reported the facts and the amount due plaintiff from defendants, and judgment was on the same day duly entered for that amount.　The application to open the judgment was by order to show cause, granted July 9, 1888,—12 days less than a year after entry of judgment.　No excuse is given for failure to answer or to appear in the action before judgment, except a statement in Gregg's affidavit that "he had no knowledge that said action had been commenced against him until long after the judgment therein had been rendered."　It is perfectly clear that that statement is incorrect.　A letter of his to plaintiff's grandfather, dated November 22, 1886, shows that he had been informed by one of the sureties that the action was about to be commenced. In a letter to the same, dated December 3, 1886, he admits having received the summons.　The then clerk of the district court makes affidavit that in December, 1886, Gregg applied to him for a copy of

the complaint, and he sent him a copy. Defendant tenders no explanation of these specific facts, nor does he state anything to suggest a probability that, though·the summons was left at his place of abode, it did not reach him. No way in which it could have miscarried is suggested. Besides, defendant did not show by affidavit, nor in any other proper way, that the judgment against him is incorrect. The referee's report states how much of his ward's money he had received as principal, and how much as interest, and how much he had paid out, and finds the difference to be due, and judgment for that was entered. The answer prepared admits the amount received, but alleges a much larger amount paid out. The answer, however, is not sworn to, and although it might, if served in time, be good as a pleading, the complaint not being verified, its unsworn statements furnish no reason to call in question the finding of the referee, based, as it was, on proper testimony. The affidavit of Gregg sets out to state how much he had paid out in addition to the amount found by the referee, but, when it comes to the amount, leaves that a blank; so there is no sworn statement of any fact which, if true, ought to affect the judgment. He makes, indeed, the usual affidavit of merits; but in a case like this, surrounded as defendant's application is with so much suspicion of bad faith, that is entirely insufficient. It seems as though the defendant had purposely set himself to trifle both with the probate court and district court, disregarding the citation of the former and the summons in the latter. If it be true that defendant has paid, since the judgment, sums on account of it, his remedy in respect thereto is not by setting it aside.

Order reversed.