## JERE ALLIS vs. WILLIAM G. WHITE.

Submitted on briefs Oct. 23, 1894. Appeal dismissed Nov. 12, 1894.

No. 8923.

**Order not appealable.**

No appeal lies from an order refusing to change the place of trial of an action.

Appeal by the defendant, William G. White, from an order of the District Court of Fillmore County, *John Whytock*, J., made September 19, 1893, denying his motion to change the place of trial of the action from Fillmore County to Ramsey County.

The plaintiff, Jere Allis, brought this action June 29, 1893, in Fillmore County where he resides to recover of defendant who resides in Ramsey County, $800 the purchase price of two Holstein cows sold by plaintiff to defendant. On July 5, 1893, defendant made affidavit that he resided in St. Paul and served on plaintiff's attorneys a copy thereof with a demand that the place of trial be changed to Ramsey County. Afterwards, on July 8, 1893, he served notice that he would on July 19, 1893, move the court for an order so changing the place of trial. He also obtained an *ex parte* order enlarging the time to answer until such motion should be heard and decided. At the hearing of the motion the plaintiff presented affidavits stating facts showing that for the convenience of witnesses the place of trial should be retained in Fillmore County, and on plaintiff's motion the court adjourned the further hearing of defendant's application to August 29, 1893, and ordered him to answer on or before August 10, 1893, and ordered plaintiff to serve within ten days thereafter notice of his motion to retain the place of trial and a copy of his affidavits in support thereof. At the adjourned hearing the court made an order denying defendant's motion and directing the trial of the issues to be had in the County of Fillmore. From this order defendant appeals.

*William G. White, pro se.*

This court has held that an order denying a motion to change the place of trial of an action is not appealable. *Carpenter* v. *Comfort,*

22 Minn. 539. It has also held that such an order may be reviewed upon an appeal from the judgment. *Jones* v. *Swank*, 54 Minn. 259. Or upon an appeal from an order denying a new trial. *Walker* v. *Nettleton*, 50 Minn. 305. And that the appeal will be dismissed although the respondent does not make the point. *United States Sav. L. & B. Co.* v. *Ahrens*, 50 Minn. 332.

This case is not within the purview of *Carpenter* v. *Comfort, supra*, because the court below refused to hear the motion when it was made, compelled defendant to answer, permitted plaintiff to make a cross motion to retain the trial in the county where it was brought, thus wholly changing the relations between the parties and enabling plaintiff to make and have determined a motion he could not otherwise have made. None of these considerations were present in the *Carpenter* case.

The appellant asks the court to review the case of *Carpenter* v. *Comfort, supra*, and to now hold that an order denying or granting a motion to change the place of trial is an appealable order. This has been the rule in Wisconsin under a statute similar to, if not identical with, the statute of Minnesota. *Haas* v. *Weinhagen*, 30 Wis. 326; *Bonnell* v. *Esterly*, 30 Wis. 549; *Schattschneider* v. *Johnson*, 39 Wis. 387; *Van Kleck* v. *Hanchett*, 51 Wis. 398. Such an appeal is also allowed in New York. *Leland* v. *Hathorn*, 42 N. Y. 547; *Yates County Bank* v. *Blake*, 43 Hun, 162; *Acker* v. *Leland*, 96 N. Y. 384; *Veeder* v. *Baker*, 83 N. Y. 156.

It is respectfully submitted that the rule in Wisconsin and New York is the better one.

*Wells & Hopp*, for respondent.

No appeal lies. Orders lying within the discretion of the court are not appealable. *Carpenter* v. *Comfort*, 22 Minn. 539.

PER CURIAM. This is an appeal from an order denying defendant's motion to change the place of trial, on the ground that defendant, at the time of the commencement of the action, resided, and still resides, in the county to which he asks to have the case removed, and not in the county in which the action is brought. Held,

following *Carpenter* v. *Comfort*, 22 Minn. 539, that this order is not appealable, and this appeal should be dismissed.   So ordered.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 809.)

