ARAMINTA TAYLOR v. GRAND LODGE A. O. U. W. OF MINNESOTA.[1]

May 4, 1906.

Nos. 14,773—(126).

**Place of Trial.**

When this action was commenced the defendant had in the county of Hennepin several subordinate lodges and deputy grand master workmen. *Held*, that it had an agent in that county, within the meaning of G. S. 1894, § 5185, and that the action should have been tried therein.

Appeal by plaintiff from a judgment of the district court for Ramsey county, entered pursuant to the findings and order of Jaggard, J. The chief error assigned was the refusal of that court to remand the case to Hennepin county for trial. Reversed and remanded with instructions.

*C. J. Bartleson* and *C. H. Rossman,* for appellant.

*W. B. Anderson,* for respondent.

START, C. J.

The defendant is a fraternal beneficial society organized under the laws of this state, and on September 28, 1893, it duly issued to Wilbur N. Taylor its beneficiary certificate, whereby it agreed to pay to the beneficiary therein named, the plaintiff, who was the wife of Mr. Taylor, the sum of $2,000 at his death. He died November 20, 1903. Due proof was made of his death, but the defendant refused to pay

[1]Reported in 107 N. W. 545.

the claim, and the plaintiff brought this action in the district court of the county of Hennepin to recover the amount thereof. Thereupon the defendant served upon the plaintiff an affidavit and demand for a change of the place of trial from the county of Hennepin to the county of Ramsey, which, with proof of service thereof, were filed with the clerk of the district court of the county of Hennepin, who transferred all the papers in the cause to the clerk of the district court of the county of Ramsey. The plaintiff moved that court upon affidavits to remand the case to the county of Hennepin. The court made its order denying the motion. Issue was joined, the cause tried by the court without a jury, findings of fact made in favor of the defendant, and judgment directed for it on the merits. The plaintiff made a motion for a new trial, which was granted, and the defendant appealed from the order. This court reversed the order and remanded the case to the district court. See 96 Minn. 441, 105 N. W. 408. Judgment for the defendant was then entered, from which the plaintiff appealed to this court. She here assigns as error the order of the district court of the county of Ramsey refusing to remand the case to the county of Hennepin.

1. The defendant contends that the plaintiff might have reviewed the order here complained of on the defendant's appeal from the order granting the plaintiff's motion for a new trial; hence the question is now res adjudicata within the rule laid down in Tilleny v. Wolverton, 54 Minn. 75, 55 N. W. 822, to the effect that on an appeal from a judgment all questions which might have been raised on a former appeal from an order denying a motion for a new trial are res adjudicata.

An order granting or refusing a motion to change the venue of an action is not appealable. Carpenter v. Comfort, 22 Minn. 539; Allis v. White, 59 Minn. 97, 60 N. W. 809. Logically the only way to review such an order is by appeal from the judgment, because a motion to change the venue of an action is no part of the trial. The office of a motion for a new trial is to review errors occurring on the trial. See City of Winona v. Minn. Ry. Const. Co., 27 Minn. 415, 6 N. W. 795, 8 N. W. 148; Hinds v. Backus, 45 Minn. 170, 47 N. W. 655; Schoch v. Winona & St. P. Ry. Co., 55 Minn. 479, 57 N. W. 208. It was, however, held in the case of Wilson v. Richards, 28 Minn.

337, 9 N. W. 872, on the ground of convenience, that, while it was not logical, an order granting or denying a motion to change the venue of an action might be reviewed on an appeal from an order denying a motion for a new trial.

It appears from the record of the former appeal in this case that the sole and controlling question urged by the parties and determined by this court was whether the defendant had waived the right to insist on the defense that the deceased misrepresented his age. This was the basis of the district court's order granting the new trial, as shown by its memorandum. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108. We are then of the opinion that the order denying the plaintiff's motion to remand the case to the county of Hennepin may be reviewed upon this appeal from the judgment.

2. There is no substantial dispute as to the facts established on the hearing of the motion to remand the cause. The only question is as to the legal inference to be drawn from the facts. It is clear that the defendant at the commencement of the action had its general office and headquarters at St. Paul, but this will not sustain the order refusing to remand the case, if the defendant then had an agent in the county of Hennepin, within the meaning of G. S. 1894, § 5185, which provides that "a corporation shall be deemed to reside in any county where it has an office, agent, or place of business." This statute is in the alternative, and a corporation must be deemed to reside in any or all counties in which it has an office or a place of business or an agent authorized to represent it in its business transactions in the county. Schoch v. Winona & St. P. Ry. Co., supra.

Now it appears, from the provisions of the constitution of the defendant set forth in the record and other undisputed evidence, that the defendant during all the time here in question had in the county of Hennepin several subordinate lodges and deputy master workmen whom it controlled and through whom it transacted its business in that county and collected its mortuary assessments for its beneficiary fund. The provisions of the defendant's constitution are quite voluminous, and it is unnecessary to quote them in detail. We hold, upon a consideration of such provisions and the undisputed evidence, that such subordinate lodges and deputy grand masters were the representatives of

the defendant within the county, and its agents, within the meaning of the statute we have quoted. It follows that the· order denying the plaintiff's motion to remand the case to the proper county was error.

The defendant, however, urges that it was not reversible error, in view of the fact that the court on the first appeal held that the defendant had not waived its right to insist upon the forfeiture of the certificate by reason of misrepresentation as to the age of the deceased, and therefore the result must be the same, wherever the cause may be tried. On the argument we were impressed somewhat with this view of the case, but upon further reflection we are of the opinion that the right denied the plaintiff was a valuable one, which is carefully safeguarded by the statute, and that we cannot say that the error was harmless.

The judgment must be reversed and the cause remanded with direction to the trial court to grant the plaintiff's motion to remand the cause to the district court of the county of Hennepin for trial. So ordered.