PALMER-STEVENSON CONSTRUCTION CO. *v.* MASON
CIRCUIT JUDGE.

1. NOTICE—PRACTICE—SERVICE BY MAIL—COURT RULES—NOTICE
OF TRIAL.
    The right to serve notice of trial or other papers, by mail,
    under Circuit Court Rule 28*e*, on an attorney living in
    the same town, is not dependent on any contingency such
    as the attempt to first obtain service by other customary
    methods, and a party may resort to service by mail in
    the first instance, although the effect may be to cut short
    the time specified by rule or statute.

2. MANDAMUS—USELESS ORDERS—DISCRETIONARY NATURE OF REM-
EDY.
    Mandamus, being a discretionary writ, will not issue to
    compel a circuit court to restore a case to the calendar,
    from which it was stricken, and proceed with the trial,
    after the term has passed.

Mandamus by the Palmer-Stevenson Construction
Company against Charles A. Withey, Mason circuit
judge, to require respondent to vacate an order strik-
ing a cause from the calendar and to proceed with the
trial.   Submitted May 28, 1913.  (Calendar No.
25,671.)   Writ denied July 9, 1913.

*A. A. Keiser,* for relator.

STEERE, C. J.   The object of this proceeding is to
obtain a construction of subdivision *"e"* of Circuit
Court Rule 28, relative to service of papers by mail.

The material and undisputed facts which present
the question are, briefly, as follows:  An action was
pending and at issue in the circuit court of Mason
county between A. E. Cartier Sons Company, plain-
tiff, and Palmer-Stevenson Construction Company,

defendant; A. A. Keiser being attorney of record for defendant and Robert J. Quail attorney of record for plaintiff. The residence and business address of each was Ludington, Mich. Plaintiff had noticed the case for trial at the January, 1913, term of said court, but defendant had not done so. Plaintiff countermanded its notice before the commencement of the term, and the case was, on motion, stricken from the calendar. The first day of the succeeding term of court in Mason county was April 1, 1913. Each noticed the case for that term. Plaintiff's notice was countermanded. Defendant's notice was served by mail. Proof of this service was duly filed in the case, and shows that a notice, the form of which is not questioned, was served on the 15th day of March, 1913, upon the attorney of record for plaintiff—

"By depositing the same in the post office in the city of Ludington in an envelope securely sealed and plainly addressed to said Robert J. Quail, at Ludington, Mich., and that the postage thereon was fully prepaid to the place of destination."

The case was duly placed on the calendar of the April term of said court, and upon the first day of said term plaintiff's attorney moved the court to strike the cause from the calendar for the reason that no legal notice of trial had been served upon him, filing an affidavit stating that he first received the notice in ·question by taking it from his box in the post office on the morning of March 18, 1913; also stating that his office was open with a clerk in charge from 9 a. m. until 5 p. m. March 15th and 17th, and that he was personally present in his office a large portion of March 15th until 6 p. m. The court, after hearing arguments of counsel for the respective parties, struck the case from the calendar, for the reason that the same had not been properly noticed for trial.

In answer to an alternative writ of mandamus issued from this court, respondent states that the

case was stricken from the calendar because in the opinion of the court service under subdivision *"e"* of Rule 28 is permissible only in case personal service is not feasible; that an effort should be made to make personal service before resorting to the other modes specified in the rule; that no additional time is provided for in case of service by mail, and, if the construction contended for by relator is adopted, it legalizes, in effect, shortening the time of service of notice one day, which can always be accomplished by mailing the notice after business hours of the last day. Rule 28 provides:

"When the attorney for the adverse party resides or has his office in the same city, village or township as the attorney making the service, papers shall be served as follows:

*"(a)* By delivering the same to the attorney personally.

*"(b)* Or, by leaving the same in his office with his clerk, or with a person having charge thereof.

*"(c)* Or, when no person is to be found in his office, by leaving the same, between the hours of six in the morning and nine in the evening, in some suitable and conspicuous place in such office.

*"(d)* Or, if the office be not open, so as to admit of service therein, then by leaving the same at the residence of the attorney with some person of suitable age and discretion.

*"(e)* Or, by depositing the same in the post office of the city, village or township, inclosed in an envelope, plainly addressed to such attorney, with postage fully prepaid."

This rule is a substitute for former Circuit Court Rule 7, which made no provision for service by mail when the attorneys resided or had their place of business in the same city, village, or township. It is a rule of general application for service of papers between members of the bar of the same locality in matters wherein they represent opposing parties in the circuit court. The saving of time, convenience,

and general desirability of service by mail was recognized by adding subdivision *"e"* when the rules were revised in 1899, and to the same purpose it was required by other rules then adopted that counsel in beginning suit or giving notice of appearance should furnish their business address. Attorneys who preferred for any reason to follow the former methods were authorized to do so. They could search out opposing counsel, wherever he might be, and deliver the paper to him personally, or, at their option, go to his office, and leave it with some one in charge. Failing in finding any one present, and only on condition no one was present, the paper could be left in the office in a suitable place during business hours, if the office was open. If it was closed, then, and only then, if the residence of the attorney was known or could be found, by going there and leaving it with some person regarded as of suitable age and discretion.

No such conditions precedent are imposed on serving by mail. There is nothing in subdivision *"e,"* or the rule in its entirety, to suggest that previously provided methods must be exhausted before mailing is resorted to. With improved and perfected mail facilities, attended by prompt distribution or prompt delivery, service by mail can now well be recognized as reasonably safe and satisfactory, when the message is plainly addressed and postage prepaid. The use of the disjunctive conjunction *"or"* in that connection naturally indicates an alternative, implying discretion, giving a choice between delivery to the attorney personally, delivery to a clerk or person in charge of his office, and mailing to his address with the postage prepaid; those three authorized methods of service being specified in the rule without any restrictive contingencies. To make service by mail contingent upon inability to make service by the preceding specified methods would nullify subdivision *"e,"* for the possi-

bility of service by those methods exists, and resort to them cannot be held to have failed, until and when the time within which service may be made has expired. Service by mail is usually more convenient and expeditious, is reasonably safe and certain, simplifies and facilitates the transaction of legal business between attorneys, and it does no violence to the language of the rule to interpret it as authorizing that method of service at will. We think such is the manifest purpose and intent of said subdivision "e." It is true no additional time for service by mail is required under this rule, as in cases where the attorneys reside, or have their office, at some other city, village, or township, and it may be possible, as pointed out, to take advantage of this to curtail, in effect, the specified time of service by part or all of a day, but this, if a defect, may and should be remedied by an amendment of the rule, rather than by a forced or restrictive construction which tends to defeat its usefulness.

At the time of respondent's return to the alternative writ issued herein, and final submission of the proceedings in this court, the circuit court term, at which the order striking the case from the calendar was made, had passed. To now make the alternative order peremptory would be ineffectual and a vain thing. Respondent's return was in good faith, and, as we are advised, chiefly to obtain an authoritative construction of the rule in question. The proceeding legitimately raises that question, and we have accordingly considered and decided it. Mandamus is a discretionary writ and will not issue in all cases, even where a *prima facie* right to it may be shown.

At this time, and for the reason stated, the alternative writ will not be made peremptory. No costs are allowed to either party.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.