## SPENCER B. KAY v. WILLIAM ELSHOLTZ.[1]

October 19, 1917.

No. 20,464.

**Service of answer by mail — postmark evidence of time of posting.**

1. The defendant moved to vacate a default judgment upon the

[1] Reported in 164 N. W. 665.

ground that it was entered after he had served his answer and when he was not in default. His evidence was that his answer, which was served by mail, was deposited in the proper post office on the last day for answering. If so deposited there was service. The evidence of the plaintiff was that it was not received until three days after the time for answering. The postmark on the envelope bore date two days after. The postmark was evidence of the time of mailing and the finding of the court that the answer was not served in time is *held* sustained.

**Order not appealable.**

2. An order denying a motion for a change of venue is not appealable.

Judgment by default was entered in the district court for Hennepin county. From an order denying his motion to vacate the judgment and for a change of venue to Clay county, Fish, J., defendant appealed. Affirmed.

*W. George Hammett,* for appellant.

*S. B. Kay,* for respondent.

DIBELL, C.

This is an appeal by the defendant from an order denying his motion to vacate a default judgment upon the ground that it was entered after the proper service of his answer and when he was not in default and for a change of venue.

1. Judgment was entered in favor of the plaintiff on January 18, 1917. The defendant lived in Clay county. Summons was served on him on December 26, 1916. The time in which he might answer expired 20 days after service, that is, on January 15, 1917. His claim is that on that date his answer was mailed from the village of Hawley, Clay county, the residence of his counsel, to the plaintiff's counsel at Minneapolis. If so, his answer was in time, for under the statute mailing is service. G. S. 1913, § 7745. Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381; Hoff v. Northwestern Ele. Co. 120 Minn. 224, 139 N. W. 153. The plaintiff made a showing to the effect that the answer was received by mail on January 18, but after the judgment had been entered, and that the envelope in which it came was postmarked January 17. The postmark was evidence of the date of mailing or at least evidence

that it was not mailed as early as January 15. 3 Wigmore, Ev. § 2152; 2 Chamberlayne, Ev. § 1060; New Haven County 'Bank v. Mitchell, 15 Conn. 206; U. S. v. Noelke (C. C.) 1 Fed. 426; Shelburne Falls Nat. Bank v. Townsley, 102 Mass. 177, 3' Am. Rep. 445; Kirkland v. State, 141 Ala. 45, 37 South. 352. Upon the showing made by the parties the court found that the defendant was mistaken as to the date of mailing and that service was not within time. Its finding is sustained.

2. Accompanying the answer was an affidavit and demand for change of venue. An order denying a motion for a change of venue is not appealable. Allis v. White, 59 Minn. 97, 60 N. W. 809; 1 Dunnell, Minn. Dig. § 309.

So far as the appeal involves a review of the denial of the motion for a change of venue it is dismissed. So far as the order is a denial of the motion to vacate the judgment it is affirmed.

Order affirmed.