## HURLEY BROTHERS v. JOHN HALUPTZOK.[1]

### April 25, 1919.

### No. 21,159.

**Service of answer — postmark on letter evidence.**

> Following Kay v. Elsholtz, 138 Minn. 153, it is *held* that a postmark on an envelope bearing the date March 27 is some evidence that the envelope was not deposited in the post-office as early as March 24. The existence of other postmarks, not legible, does not destroy the probative force of the legible postmark.

Action in the district court for Ramsey county to recover $161.46 for goods sold and delivered. Judgment was entered by default for want of an answer. Defendant procured an order to show cause why his motion should not be granted to vacate the judgment and to have the answer served on plaintiff's attorney by mail stand for the answer of defendant. The motion was denied, Kelly, J. From the order denying the motion, defendant appealed. Affirmed.

[1]Reported in 171 N. W. 928.

*Hadler & Pegelor* and *John J. Keefe,* for appellant.

*Jesse E. Greenman,* for respondent.

HALLAM, J.

Plaintiff commenced this action by service of summons on May 4, 1918. On May 25, 1918, no answer having been received, judgment was taken against defendant as by default. Defendant asked to have the judgment vacated. He did not ask to be relieved of default. If default was made there was no attempt to excuse it. Defendant's contention was that an answer was served in time and that there was no default. This is the sole question in the case. Defendant's attorneys reside at Big Falls, Minnesota. Plaintiff's attorney resides in St. Paul, Minnesota. Between the two points there is regular communication by mail. Service might be made by mail in such a case. One of the defendant's attorneys made affidavit that on May 24, 1918, the last day for answering, he deposited an answer in the post-office at Big Falls, in an envelope properly addressed and with postage prepaid. If he did so the answer was served in time. The envelope bore postmark May 27, 1918, 7:00 p. m. There were two other illegible postmarks made by the use of a seal of the same shape and size. The envelope was received in St. Paul, May 28. The court in effect found that defendant's attorney was mistaken and that the answer was not served as early as May 24.

Following the decision in Kay v. Elsholtz, 138 Minn. 153, 164 N. W. 665, we hold that the postmark, bearing the date May 27, was some evidence, not conclusive of course, that the envelope was not deposited in the post-office as early as May 24 and that this evidence sustains the finding of the court.

The only point of difference between this case and Kay v. Elsholtz is the existence of the two illegible postmarks. They are not explained. They may have been made at an earlier date or they may have been made at the same time as the legible postmark. There were three postage stamps on the envelope. The illegible postmarks were made over the canceled postage stamps and were illegible for that reason. So far as appears, the person using the seal may have made the illegible marks first, and then, being dissatisfied with them, may have continued until he produced one

that was legible. The existence of these illegible marks does not destroy the probative force of the legible postmark as evidence.

Order affirmed.