EDWIN L. MacLEAN v. THELMA REYNOLDS AND OTHERS.[1]

June 29, 1928.

No. 26,806.

**Statutory service by mail.**
    1. Service of notice by mail as provided by statute is complete when the notice is properly mailed.

**Meaning of words "place of residence."**
    2. "Place of residence" as used in G. S. 1923, § 9242, relative to service of notice by mail, means the municipality wherein the addressee resides and not the house that he occupies as a home.

**Vacating of default judgment properly denied.**
    3. Upon the facts and circumstances stated in the opinion, *held* that the court did not abuse its discretion in denying an application to vacate a default judgment and permit defendants to answer and defend.

**Involuntary payment.**
    4. Payment to prevent a levy under an execution is not a voluntary payment.

Judgments, 34 C. J. p. 429 n. 79.
Notice, 29 Cyc. p. 1123 n. 92.
Payment, 30 Cyc. p. 1308 n. 67.

See 21 R. C. L. 143; 6 R. C. L. Supp. 1254.

Defendants Thelma Reynolds and St. Paul Hairdressing Academy appealed from an order of the district court for Hennepin county, Salmon, J. refusing to vacate a default judgment entered against them and to grant them leave to answer. Affirmed.
    *Doherty, Rumble, Bunn & Butler,* for appellants.
    *Edwin L. MacLean,* pro se.

WILSON, C. J.
Defendants appealed from an order denying their application to vacate a judgment as default and for leave to answer and defend.

[1]Reported in 220 N. W. 435.

Plaintiff is a lawyer living and practicing in Minneapolis. He sued defendants to collect $25 for professional services. Time for answering expired December 12, 1927. Not having received an answer he entered judgment on December 14, 1927. Defendants reside in St. Paul. Their counsel dictated an answer on December 12, 1927, and one of their employes claims to have mailed it on that day. Plaintiff's affidavit says he received the answer on December 16, 1927, and that it was stamped as mailed on the 15th. He also states that on the 16th he wrote defendants' counsel advising that the answer came too late and that judgment had been entered.

An execution was issued on December 14, 1927, to the sheriff of Ramsey county, who collected the amount of the judgment and returned the execution fully satisfied.

1. If the copy of the answer was mailed to plaintiff on December 12, 1927, the service was complete, whether it was received or not, and there was no default. Kay v. Elsholtz, 138 Minn. 153, 164 N. W. 665; Hurley Brothers v. Haluptzok, 142 Minn. 269, 171 N. W. 928; 5 Dunnell, Minn. Dig. (2 ed.) § 8731.

2. Plaintiff's name was subscribed to the summons and to the complaint, giving his office number, to which the answer was mailed. It is suggested that since the statute, G. S. 1923, § 9242, requires service by mail to be made by directing it to the addressee at his "place of residence," that service was not good because not addressed to the street number of plaintiff's home instead of to his office. We do not sustain this contention. "Place of residence" as used in the statute refers to the municipality in which the addressee lives and not to the house he occupies as a home.

3-4. The more serious question in this case relates to whether the trial court abused its discretion in denying defendants' application even after a finding that the mailing was on the 15th.

Defendants did not have a trial on the merits. The motion papers contain an affidavit of merits and a verified proposed answer containing a general denial. If there was a delay it was that of defendants' counsel rather than their own. From the standpoint of

a party litigant this is a reasonable excuse for the delinquency in service. An error of this character when attended to promptly should appeal to the judicial discretion, and ordinarily we would hold a denial of such application an abuse of discretion calling for a reversal.

But there are two elements which enter into the consideration of this particular case which forbid our reaching such conclusion: first, the amount involved; second, the judgment was paid and satisfied before the application was made. Payment to prevent a levy under an execution cannot be considered a voluntary payment. Such payment does not preclude the defendants on this application. Yet such payment made by a party who does not consult his lawyer living in the same city nor make any request of the sheriff for delay is an element entering into the exercise of the discretion involved in an application of this character. These circumstances require a strong reason to impeach this discretion of the trial court, and they prevent us from holding that there was an abuse of discretion.

Affirmed.