418

DAIRY DISTRIBUTORS, INC., Respondent, vs. DEPARTMENT OF AGRICULTURE AND MARKETS, Appellant.
WATERTOWN CO-OPERATIVE MILK ASSOCIATION, Respondent, vs. SAME, Appellant.

*May 20—June 21, 1938.*

The cause was submitted for the appellant on the brief of the *Attorney General, R. M. Orchard,* assistant attorney general, and *Fred M. Wylie,* special counsel, and for the respondents on that of *Edwin J. Gross* and *Joseph Lieberman,* both of Milwaukee.

WICKHEM, J.   Dairy Distributors, Inc., is a stock corporation organized under ch. 180, Stats., the stock being now held by the Watertown Co-operative Milk Association.   The latter is a nonstock, nonprofit co-operative organized under ch. 185, Stats., and operates as a dealer under sec. 100.03, Stats., in the Watertown regulated market.   Dairy Distributors, Inc., under an agency contract with Watertown Co-operative Milk Association and by purchases of about half its milk from other producers, operates as a dealer under sec. 100.03, Stats., in the Milwaukee regulated market.   The Department of Agriculture and Markets notified all dealers that application for 1938 licenses must be filed by December 1, 1937.   Later, the time was extended to December 18, 1937.   Applications of Dairy Distributors, Inc., and Watertown Co-operative Milk Association were received by the department December 17, 1937.   It appears not to be controverted that the commission mailed a complaint to each applicant by registered mail at the Madison post office on Saturday, December 18th, and the return receipt was signed by the companies at Milwaukee, Monday, December 20th.   The notice was for a hearing on December 29th.

The complaints may briefly be summarized as charging violation of orders of the commission, operation during 1937

without a license under sec. 100.03, Stats., and that each company is unfit and unequipped financially and otherwise for the business of dealer under the provisions of sec. 100.03. Upon the date of the hearing the companies appeared specially, objecting that but nine days' notice had been given. The hearings proceeded, the companies not participating therein except to repeat objections to the sufficiency of the notice. The hearings were continued to December 30th, and counsel for the companies appeared on that date, renewed the objections, and declined thereafter to participate in the proceedings. The department filed findings to the effect that the allegations of the complaint in each case are established and the applicant unfit and unqualified for the business, and filed orders denying each of the companies a 1938 dealer's license under sec. 100.03. The trial court was of the view that the companies had been given less than the statutory ten-day notice, and that there was a want of jurisdiction in the department to proceed with a hearing and enter the order.

The sole question upon this appeal has to do with the sufficiency of the notice. The notice involved is prescribed by sec. 93.18, Stats., the provisions of which, so far as material, are here set forth:

"(2) The department, in any matter arising under subsection (3) of section 100.20 or under subsection (3) of section 100.19, shall serve a complaint, prepared in the name of the department, upon the person against whom the complaint is made and shall accompany such complaint by notice of public hearing to be held in the matter not sooner than ten days after such service. . . .

"(5) A complaint, notice of hearing, subpoena, special order or any other process issued by the department may be served by any person authorized by the commissioner either (a) by delivering a copy thereof to the person to be served, or to a member of a partnership to be served, or to the president, secretary, or other executive officer or a director of the corporation to be served; or (b) by leaving a copy thereof at the principal office or place of business of such person, part-

nership or corporation; or (c) by registering and mailing a copy thereof addressed to such person, partnership or corporation at his or its principal office or place of business. The verified return by the person serving such process setting forth the manner of service or the return post-office receipt for such process mailed as aforesaid shall be proof of the service of the same."

Appellant relies upon the general rule that service by mail when authorized by statute is complete when mailed, *Hurley Bros. v. Haluptzok,* 142 Minn. 269, 171 N. W. 928; *MacLean v. Reynolds,* 175 Minn. 112, 220 N. W. 435; that this is true even though not received until a day or two after the time required for service, *Reed v. St. John,* 2 Daly, 213; or not received at all, *Griffin v. County Commissioners,* 20 S. D. 142, 104 N. W. 1117; that the rule is the same when the statute provides for registered mail, *Ross v. Hawkeye Ins. Co.* 83 Iowa, 586, 588, 50 N. W. 47; *Halbrook v. Mill Owners' Mut. Ins. Co.* 86 Iowa, 255, 53 N. W. 229; *Ross v. Hawkeye Ins. Co.* 93 Iowa, 222, 61 N. W. 852; and that it is immaterial that service may otherwise be made, *Palmer-Stevenson Construction Co. v. Circuit Judge,* 176 Mich. 326, 142 N. W. 343.

The question is one solely of statutory construction, and, this being true, cases construing other and differently worded statutes must necessarily be of limited assistance to the court.

While an able argument is made to the effect, (1) that sub. (5) provides for service by "registering and mailing" and that this can only refer to the act of registering and mailing; (2) that the last paragraph of this subsection indicates that a person serving the process in any one of the three prescribed ways may make a verified return certifying to this fact; and (3) that the use of the post-office receipt is not an exclusive method of proving service by registered mail, we think a consideration of the statute as a whole compels a different view. Sec. 93.18 (2), Stats., provides that there shall be served with the complaint a notice of public hearing "to be

held in the matter not sooner than ten days after such service." In view of the subject matter of the whole act, and the purpose of the complaint, this seems to us a rather clear expression of legislative intent that the person complained against shall have ten full days to prepare for meeting the complaint. The complaint referred to in this section contains charges as to the business conduct or fitness of a person or firm and if established is the basis for serious disciplinary action that will inevitably visit loss and perhaps destruction of business upon the person or firm complained against. It ought not lightly to be inferred that the legislature intended to discriminate between a person whom the department chooses to serve by registered mail and to permit this requirement of service to be satisfied even though no notice of hearing ever came to the attention of the person sought to be served. The situation is not one calling for constructive service. The statute deals with men and firms who are engaged in business in Wisconsin and whose residence and place of business are known or easily ascertainable, and there is no such reason here as frequently exists in other situations to make provision for constructive service. The forms of service are alternative and presumably were considered equally effective to give adequate notice. We see no reason to suppose that the legislature meant to impose upon a person or firm who never received the notice or did not receive it in time to make an adequate defense the disastrous results which might flow from a default or failure to put forth an adequate defense.

The case is quite different from some of the Iowa cases cited by appellant. These dealt with a law having reference to premium notes on insurance policies. The law provided for notice to an assured by the insurance company of the maturity of his premium note and that,—

"such notice may be served, either personally or by registered letter, addressed to the assured at his post-office address,

named in or on the policy, and no policy of insurance shall be suspended for nonpayment of such amount until thirty days after such notice has been served."

It was held that the thirty days begin to run as soon as the letter is mailed as provided by law. *Ross v. Hawkeye Ins. Co.* 83 Iowa, 586, 50 N. W. 47. There, the assured signed a note and presumably knew when it was due. He had nothing to do but to pay it after getting the notice, and the statute provided the generous period of thirty days after default during which his policy was still in force. Under these circumstances, the rule of construction cannot be considered to be harsh. Even the logical extension of the rule that would give full effect to the notice although it was never received could not be considered unreasonable in view of the circumstance that the insured had a definite obligation which he must be supposed to know about.

In this case, however, the person complained against must prepare to meet the charges made against him within the relatively short period of ten days, which is one half the time within which a defendant must answer in an ordinary civil action. If this period is to be reduced by the time it takes for mail to be transmitted and delivered, it is evident that he will be at a considerable disadvantage as compared to those upon whom service is made personally or by leaving at the office or place of business. This situation is taken into account in ordinary civil actions by providing that where service is made by mail, double the time to act or answer is allowed the person served. Sec. 269.36, Stats. We think the legislature did not intend this discrimination. This is indicated quite conclusively by the last sentence of sub. (5). This sentence indicates that the return of the post-office receipt for such process sent by registered mail "shall be proof of the service of the same." The court takes judicial notice of the fact that the return receipt signed by the addressee does not contain the date of mailing but does contain the date

of arrival at the post office of destination. We can ascribe to the legislature no purpose in making this provision unless the date upon the return receipt was the material date in the case of service by registered mail. It cannot be supposed that the legislature selected a form of return that would not disclose the date of mailing if that was the date from which the ten days was to run. For the foregoing reasons, we conclude that the trial court correctly construed the statute.

It is argued that the provisions of sec. 102.23 (2), Stats., are applicable. This subsection provides:

"Upon the trial of any such action the court shall disregard any irregularity or error of the commission unless it be made to affirmatively appear that the plaintiff was damaged thereby."

It is urged that while the provisions for notice are jurisdictional in character, substance and not form is the purpose of the statute, and that here there was a very slight departure from the statute and a continuance granted which gave ample opportunity to defendant to prepare to meet the complaint. Under these circumstances it is claimed the defect in service, if any there be, should be overlooked. We cannot accede to this position. The legislature in providing that a public hearing shall be held not sooner than ten days after service has determined what is substance in this matter, and there having been a failure to comply, the proceedings were fatally defective upon jurisdictional grounds.

*By the Court.*—Judgments affirmed.