[1] Reported in 22 N.W.2d 8.
This is an appeal from the judgment dismissing, on the administrator's motion, an appeal to the district court from an order of the probate court denying and refusing probate of a purported will of the decedent.
In June 1943, pursuant to proceedings had as in case of intestacy, a general administrator was appointed upon the petition of decedent's surviving husband. Pending the proceedings, in May 1944, decedent's brother, John D. Bowen, the appellant, filed a petition for the probate of an alleged destroyed, will. If decedent had died intestate, the husband would have taken by inheritance her entire estate, but under the will he was given only a part of it. The husband filed objections to the probate of the will, which were sustained upon the theory that, while decedent had duly executed the will, she had also intentionally revoked it by destroying it. On August 21, 1944, the probate court filed the order denying and refusing probate of the will. On August 30, notice of filing of the order was served on the attorney for appellant as the proponent of the will. *Page 299 
Proponent then commenced proceedings for an appeal to the district court from the probate court's order. On September 15, 1944, two days after the objector died, appellant's then attorney (he is represented on the appeal here by another attorney) attempted to serve the notice of appeal on the attorneys who appeared for objector in the probate court and who advised appellant's attorney that, because of objector's death, they were without authority in the premises. Nevertheless, they received and retained the copy of the notice of appeal and admitted service on the original. On November 17, 1944, another notice of appeal was served by leaving copies thereof with the judge of probate "for persons in adverse interest who did not appear."
No further proceedings were had until March 21, 1945, when the administrator, who heretofore had taken no part in the proceedings for the probate of the will, moved the court to dismiss the appeal upon the grounds that (1) no proper service of the notice of appeal was made within the time permitted by law — that is, within 30 days after notice of the filing of the probate court's order denying and refusing probate of the alleged will (see, Minn. St. 1941, § 525.712 [Mason St. 1940 Supp. § 8992-166]); and (2) appellant was guilty of inexcusable neglect and laches in failing to file and serve within 20 days after perfecting the appeal, as required by § 525.72 (§ 8992-169), a statement of the propositions of law and fact upon which he would rely for a reversal of the order of the probate court appealed from. Appellant objected to the jurisdiction of the court to entertain the motion of the administrator to dismiss, upon the ground that the administrator was not a proper party to make the motion. At the same time (we presume that it was subject to the objection made to the court's jurisdiction), appellant asked to be relieved of his default and for leave to file and serve the statement.
The matter was heard on conflicting affidavits. In support of his claim, appellant asserted in his affidavit that he was an old man and unfamiliar with the requirements of law in the premises; that he relied on his then attorney and expected coöperation from another *Page 300 
attorney, Leo Seifert, both of Fairmont; and that the mistake was due to the acts of his attorneys. His then attorney's affidavit was to the effect that he represented appellant in the probate court and subsequent proceedings; that appellant wanted Mr. Seifert to represent him on the appeal; that Mr. Seifert wanted him to continue as one of appellant's attorneys; that he relied upon an agreement or undertaking with Mr. Seifert that the latter would prepare the statement and that he had failed to do so. There is a further statement in his affidavit that Mr. Seifert "never definitely determined" that he would come into the case and that on or about March 20, 1945, Mr. Seifert definitely notified appellant that he would not. Mr. Seifert's version is that he was consulted by appellant about accepting employment as his attorney on the appeal; that both appellant and the attorney informed Mr. Seifert that appellant had "perfected" the appeal; that Mr. Seifert unequivocally informed appellant that he did not know whether he could accept the employment, but that, if he did, it would be upon the definite understanding that appellant's attorney "would take care of the appeal matter"; that Mr. Seifert's work would be limited to trying the appeal in the district court; and that on March 17, 1945, he notified appellant in writing and his then attorney orally that he, Seifert, would not accept the employment.
The district court overruled the objection to its jurisdiction and granted the motion to dismiss on both grounds assigned. The same questions are raised here as below. If the court had jurisdiction and its decision on the merits was correct on either ground, there should be an affirmance. Hence, since one ground for decision here is sufficient, and since we think that the trial judge's decision that appellant was guilty of inexcusable neglect and laches in failing to file the statement must be affirmed, we shall consider only that question so far as the merits are concerned. The questions for decision here, then, are whether the court had jurisdiction to hear the motion to dismiss and whether the finding that appellant was guilty of inexcusable neglect and laches in failing to file the statement is sustained. *Page 301 
1. The contention that the district court was without jurisdiction to entertain the motion to dismiss the appeal from the probate court is limited to the question whether the administrator was a party in the district court on the appeal. The question whether the administrator had any interest in the dismissal of the appeal is not raised. Appellant's argument in support of the validity of the service of the notice of appeal conceded that, if the service was good, it was sufficient "to give him [the administrator] the authority to carry on the proceedings that is now pending in this case." In our opinion, the administrator was a party in the district court on the appeal. Where, as in this state, probate proceedings are inrem, an appeal to the district court from an order of the probate court allowing or refusing to allow the probate of a will removes the whole case to the district court. All persons interested in the settlement and distribution of the estate are parties in the district court and have the right to align themselves for or against the will and to be heard. In re Estate of Langer, 213 Minn. 482, 7 N.W.2d 359; In re Estate of Jefferson, 167 Minn. 447, 209 N.W. 267; In Matter of Storey,120 Ill. 244, 11 N.E. 209; In re Estate of Sweeney,94 Neb. 834, 144 N.W. 902. It follows, therefore, that, since the administrator is conceded to have an interest in the subject matter of the motion and since he was a party to the appeal, he had a right to make the motion to dismiss the appeal upon the ground of the appellant's default.
2. The district court has the power to relieve a party of a default in failing to file a statement of the propositions of law and fact on which he relies for a reversal. In re Estate of Zebott, 203 Minn. 193, 280 N.W. 652; In re Estate of Dahn,203 Minn. 19, 279 N.W. 715; In re Estate of Slingerland, 196 Minn. 354,265 N.W. 21. The relief should be granted only "upon grounds." The party seeking relief from a default must not only allege the grounds upon which relief is sought, but adduce proof of them.
In determining whether grounds exist for relieving a party from a default, the court must determine whether those asserted are in fact true, and this it can do only by consideration of the evidence *Page 302 
adduced in the affidavits. Weymouth v. Gregg, 40 Minn. 45,41 N.W. 243; Swanstrom v. Marvin, 38 Minn. 359, 37 N.W. 455. Here, appellant alleged that the default was due to a mistake, but the evidence was in conflict as to whether appellant's default was caused, by the mistake mentioned. While appellant asserts that he relied on his then attorney and Mr. Seifert, Mr. Seifert's affidavit makes it clear that both appellant and his then attorney understood that he (Seifert) would not have anything to do with the preparation and filing of the statement and that those matters were to be attended to by appellant's then attorney, whose affidavit rather supports this view because of the fact that he states that Mr. Seifert "never definitely determined" to come into the case. If so, he was the sole attorney in the case; he alone had the duty of attending to the statement. Where a party fails to establish the existence of the fact on which his right to relief depends, it is plain that the court should, as it did here, deny him any. Kay v. Elsholtz, 138 Minn. 153, 164 N.W. 665. See, Marthaler Machine Engineering Co. v. Meyers, 173 Minn. 606,218 N.W. 127. The case of Kennedy v. Torodor, 201 Minn. 422,276 N.W. 650, and the Dahn and Slingerland cases, supra, do not help appellant, because in each of those cases the fact of excusable neglect and mistake was established; here it was not. While appellant's then attorney stated to Mr. Seifert that the appeal had been "perfected," it is plain also that the statement had not been filed and that Mr. Seifert would have nothing to do with the matter. Appellant, as well as his attorney, knew this to be the fact. Hence, the alleged mistake relied on for relief from the default was nonexistent.
Affirmed. *Page 303