**Wanda Sandstrom McGOWAN, Appellant,**

v.

**D. W. WAHLSTROM and Anna Chalgren, Executrix of the Estate of Edward Chalgren, Deceased, Appellees.**

No. 15583.

United States Court of Appeals
Eighth Circuit.

May 13, 1958.

Louis Sachs, Minneapolis, Minn. (Richard F. Sachs of Sachs, Karlins, Grossman & Karlins, Minneapolis, Minn., was with him on the brief), for appellant.

Robert W. Dygert, Minneapolis, Minn. (Walter E. Riordan and Rosemary Moskalik McVay, Minneapolis, Minn., were with him on the brief), for appellee D. W. Wahlstrom.

Frank J. Collins, Minneapolis, Minn., for appellee Anna Chalgren.

Before GARDNER, Chief Judge, and WOODROUGH and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

The appellant, Wanda Sandstrom McGowan, is a niece of John F. Sandstrom who died in Minneapolis, Minnesota, in 1947, leaving an estate said to be of the value of $133,000 or more. One Willard R. Sandstrom, a brother of appellant, in the same degree of blood relationship to the decedent as appellant, acting on behalf of himself and several nephews and nieces of the deceased similarly situated, including appellant, objected to the petition for appointment of administrator filed by one Lulu S. Sandstrom as surviving widow of the decedent on the ground that she was not his wife.

Thereafter the objectors, including appellant, in open court, withdrew their objections and settled and compromised all claims against the decedent's estate and against Lulu Sandstrom in consideration of $3000 jointly paid to them. Some six years later the same brother filed petition in the probate court of Hennepin County, Minnesota to prove a lost will of John Sandstrom, alleging among other things that the alleged will granted legacies to each of the decedent's nephews and nieces including appellant in the sum of $5000. After hearing, the probate court found there was a failure of proof that John Sandstrom had died testate and also that the petitioner was barred of all claims against the estate by the release and settlement.

Appeal was duly taken from the judgment of the Probate Court to the District Court and after trial on the merits it was adjudged by that court that the proponents had failed to establish the existence of a validly executed will. Appeal was prosecuted from that judgment to the Supreme Court of Minnesota and that court in a lengthy and comprehensive opinion reviewed the proceedings and affirmed the judgment on March 21st, 1958. Sandstrom's Estate v. Wahlstrom, Minn., 89 N.W.2d 19.

The niece of John F. Sandstrom who brought this action in federal court is a citizen and resident of Georgia and there is diversity of citizenship between her and the two parties she made defendants in her action, namely; D. W. Wahlstrom, the duly appointed and acting administrator of John F. Sandstrom's estate, and Anna Chalgren, the executrix of the estate of Edward Chalgren, the attorney whom said administrator employed to advise and assist him as administrator. The object of plaintiff's action as stated in the prayer of the complaint was to obtain a judgment against the administrator and the executrix of his deceased attorney for a share of the estate of the decedent, measured by an accounting pursuant to the provisions of the alleged lost, secreted or destroyed will of her uncle, being the same lost, secreted or destroyed will in respect to which final adjudication has been made as stated by the Probate Court and on appeal by the District

Court, and again, on appeal by the Supreme Court of Minnesota.

Upon filing of her complaint in the federal court, the two defendants in this action moved separately for dismissal under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or in the alternative for summary judgment under Rule 56(b), and Judge Nordbye sustained the motions to dismiss in accordance with a carefully prepared opinion. The complaint was drawn on the theory that the defendant administrator of the estate of John F. Sandstrom and his attorney sustained a fiduciary relation to the plaintiff and breached it by opposing the probate of the alleged lost will. No acts of fraud or deceit were charged against them and it was not alleged that they had any knowledge not shared by the plaintiff of the existence of a will or of the marital status of the person petitioning as widow. Judge Nordbye held, on careful analysis of the complaint, that the action "is one to establish plaintiff as having a claim against the John F. Sandstrom estate under a lost will" and "clearly she is asking this court to establish the validity of the will". Upon that construction of the pleading, Judge Nordbye held that "the establishment of a lost will is a strict probate matter of which this court has no jurisdiction". Citing Farrell v. O'Brien, 199 U.S. 89, 25 S.Ct. 727, 50 L.Ed. 101; O'Connor v. Slaker, 8 Cir., 22 F.2d 147; Wahl v. Franz, 8 Cir., 100 F. 680, 49 L. R.A. 62. The court declared that "any assertion in her brief herein that [plaintiff] also claims as an heir because of the alleged invalidity of John F. Sandstrom's marriage to Lulu Sandstrom is not encompassed within the issues as framed by the pleadings herein". The court accordingly sustained the motion to dismiss.

Thereafter the plaintiff moved the court for rehearing and under Rule 15, Federal Rules of Civil Procedure, to be permitted to file amended and supplemental complaint. Judge Nordbye heard the motion and denied rehearing. He also denied leave to file amended and supplemental complaint, all in accord with his extended opinion which met all contentions of the movant.

As to plaintiff's claim that Lulu was not the wife of John Sandstrom, Judge Nordbye said " * * * the court is convinced that this belated attempt to resurrect again the question of John's marriage to Lulu is not made in good faith". On full review of the decision sustaining the motions to dismiss, the court remained convinced of its correctness. Counsel however insisted that the complaint could be construed not as presenting an action for judgment for a share of the estate under the lost will, but as one for damages caused plaintiff by tortious conduct of defendants. Judge Nordbye in his second opinion analyzed the situation as to the defendant administrator and the defendant attorney separately and concluded, on full consideration of Minnesota law, that neither the complaint nor the proposed amendment presented any actionable wrong done the plaintiff by either defendant. Any question as to whether or not Judge Nordbye correctly declared Minnesota law is well settled by the decison of the Supreme Court of Minnesota [89 N.W.2d 29] of March 21, 1958, where that court quoted with approval from Judge Nordbye's opinion and said:

"* * * The basis for the administrative right of a representative of an estate to contest the will of his decedent is that he represents the heirs and beneficiaries entitled to the estate or holds the assets in their behalf and consequently has the right to see that no testamentary document is admitted to probate unless genuine. 31 A.L.R.2d 756, 761."

The appeal to this court is from the dismissal of the action on the motions of defendants and from the denial of rehearing and denial of leave to file amended and supplemental complaint.

At the time the action was brought in the federal court, on May 19, 1955, about eight years after the death of John F. Sandstrom, the administration of his estate was pending uncompleted in the ex-

clusive jurisdiction of the probate court of Hennepin County and the petition to prove a lost will was there pending to be disposed of by that court. The interest of the nephew of the decedent, brother of the plaintiff herein, who was prosecuting the petition was identical with that of the plaintiff here.

They both claimed a like amount under the same lost will. Her complaint showed that she was informed of the proceedings in the probate court and indeed she alleged that her "information came through the action there brought by her brother and the witnesses produced by him". As stated above, she had appeared in open court of probate and participated in the settlement of the claims of all the nieces and nephews. There could, therefore, be no question but that the judgment of that court on the issue of whether or not her deceased uncle left a valid will would be binding on her.

At the time Judge Nordbye was called on to rule on the motions in this case, jurisdiction of the controversy to prove a lost will had passed by appeal from the Probate Court to the district court of the state and the issue there stood undisposed of and for trial de novo. There was no contention that that court lacked jurisdiction. The attempt of the plaintiff in the federal court was to proceed concurrently with the proceedings in the state court. Judge Nordbye did not dismiss her action because it was concurrent, but on other grounds as above set forth.

On the appeal to this court the plaintiff's situation is different than it was at the time of the decision appealed from. As Judge Nordbye said " * * * clearly the establishment of a lost will is a strict probate matter". "Plaintiff does not contend, nor could she sustain such a contention, that the Minnesota Probate Courts do not have exclusive jurisdiction over the assets of an estate and admittedly the appellate procedure from the Probate Court to the district court is a mere continuation of the probate proceedings to bring it to its ultimate and final effect." See Constitution of the State of Minnesota, Article 6, Sec. 7, M.S.A.; In re Estate of McDaniel, 221 Minn. 297, 22 N.W.2d 8; In re Estate of Burton, 206 Minn. 516, 289 N.W. 66; In re Estate of Roberts, 202 Minn. 217, 277 N.W. 549."

On the submission of this appeal it was apparent to us that if the Minnesota State Court which had plenary jurisdiction and was obviously the proper forum for the settlement and distribution of the Sandstrom estate should adjudicate that the nieces and nephews of the decedent had no interest therein, that the attempt of the plaintiff herein to obtain a decision in conflict in the federal court could not be sustained. We accordingly withheld ruling on this appeal until the State Supreme Court had decided. We deem it too clear for further discussion that the judgment that has been rendered in the district court of the state and affirmed in the Supreme Court of Minnesota, settles that Sandstrom left no valid will, and that appellant has no interest in his estate, and that decision is binding on appellant and compels affirmance of the dismissal of her action in this case.

Affirmed.